Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000615
05-MAR-2020
08:46 AM

NO. CAAP-19-0000615

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


YURIE YAMANO, Plaintiff-Appellant, v.
HALEKULANI CORPORATION; ULRICH KRAUER (General Manager of the
Halekulani Hotel); JASON WATERLOW (Director of Food and
Beverage); NICOLE L. BONENFANT (Director of Human Resources);
OSWALDO RABAGO (Asst. Director of Food and Beverage),
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 19-1-0432)


ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Ginoza Chief Judge, Chan and Hiraoka, JJ.)

Upon review of the record, it appears that we lack
appellate jurisdiction over this appeal by Plaintiff-Appellant
Yurie Yamano (Yamano), self-represented, from the Honorable Deane
Ochiai's June 13, 2019 interlocutory order denying Yamano's
May 7, 2019 motion for a default judgment in circuit court Civil
No. 19-1-0432-03 (DEO) (the June 13, 2019 interlocutory order),
because the circuit court has neither adjudicated Yamano's causes
of action nor entered an appealable final judgment.

Hawaii Revised Statutes ("HRS") § 641-1(a) (2016)
authorizes appeals to the Hawai'i Intermediate Court of Appeals
from final judgments, orders, or decrees. Appeals under HRS
§ 641-1 "shall be taken in the manner . . . provided by the rules

of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). The June 13, 2019 interlocutory order is not a final judgment. On October 1, 2019, the circuit court clerk filed the record on appeal for appellate court case number CAAP-19-0000615, which does not include a final judgment.

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), the June 13, 2019 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Furthermore, a temporary remand pursuant to HRS § 602-

57(3) (2016) and the holding in <u>Waikiki v. Hoʻomaka Village Association of Apartment Owners</u>, 140 Hawaiʻi 197, 204, 398 P.3d 786, 793 (2017), is not appropriate, because the circuit court has not yet adjudicated any of Yamano's causes of action. Absent an appealable final judgment, we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that Yamano's appeal in appellate court case number CAAP-19-0000615 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawaiʻi, March 5, 2020.

Chief Judge

Associate Judge

Associate Judge